## Hugo Ash v. Otto Zweitusch.

1. LIBEL—*In Legal Pleadings.*—The privilege accorded to a party litigant in his pleadings does not extend to matters entirely impertinent and irrelevant.

**Memorandum.**—Action for libel. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

### STATEMENT OF THE CASE.

The declaration in this case alleged the filing of a bill in chancery by appellant against appellee, setting forth a large portion thereof, including a written contract, out of which the filing of said bill had arisen.

The declaration then went on to charge that the defendant filed an answer thereto, and set forth material parts of such answer; the plaintiff in his declaration complained of the answer, concluding as follows:

" That for the sole and express purpose of gratifying defendant's malice and ill will toward plaintiff, and to destroy competition in said soda fountain trade, well knowing that the statements made were wholly impertinent and irrelevant to the material issue in said cause and entirely foreign and unnecessary as a defense thereto, and that there was no reasonable or probable cause for asserting to be true the said words, on, to wit, the 30th day of December, 1893, at, to wit, the county of Cook, did write, publish and file, and caused to be written, published and filed in his said answer and made a part of the public record of said cause, a false, scandalous, malicious and defamatory libel of and concerning the plaintiff, to wit: 'that he (meaning Hugo Ash) collected about $1,600 belonging to the defendant (meaning Otto Zweitusch), and had appropriated the same to his own use (meaning Hugo Ash's use), without the consent or knowledge of the defendant (meaning said Otto Zweitusch).' And the defendant, in addition to the said false and defamatory words last aforesaid, and in the same answer, further and wantonly, on, to wit, the day, and at, to wit, the place last aforesaid, wrote, published and filed, and caused to be written, published and filed in said cause, the following false, malicious and immaterial matter of and concerning the plaintiff, to wit : 'until the discovery by the defendant (meaning Otto Zweitusch), of the embezzlement by complainant (meaning Hugo Ash), of a large sum of money.' And the plaintiff avers that by the publishing and filing of said words in said answer, the defendant meant and intended falsely and maliciously to charge the plaintiff with the crime of embezzlement and to cause it to be suspected by the associates of plaintiff that he had been and was guilty of the crime of embezzlement and was subject to the penalty made and provided by the laws of the State of Illinois therefor. And the plaintiff further avers that the matters above alleged are false and defamatory, and wholly irrelevant and improper, impertinent and immaterial to the issue between the parties to said bill, and were written, published and filed without any reasonable or probable cause, all of which

was known by the defendant at the time of filing the same, and with the express intent on his part to defame the plaintiff."

A demurrer to the declaration having been sustained, the question here presented is whether this matter of the answer complained of was privileged.

### Appellant's Brief, McMurdy & Job, Attorneys.

Appellant contended that the absolute privilege did not extend to matters which are impertinent and irrelevant in a pleading. Does the accomplishment of the object for which the privilege is granted require that the privilege should be extended further than to communications relevant to the subject-matter of the inquiry? A different doctrine would, in the language of Chief Justice Walker, in Lawson v. Hicks, 38 Ala. 286, "License malignity to pervert judicial proceedings to the accomplishment of its wicked purposes. The avoidance of such a consequence is scarcely less important than the unembarrassed freedom of judicial investigation."

What is the extent and limit of this absolute privilege, so called? An examination of the cases will answer. Let us begin with the first class enumerated by Newell in his work on defamation under the head of "Absolute Privilege," viz., "Communications in Course of Legislative Proceedings." In Coffin v. Coffin, 4 Mass. 1, the Supreme Court of that State evidently did not think this so-called privilege was one without limit. That case shows the occasion of the utterance is not, as appellee would have you think, the only and vital question to be considered. The court in emphatic words indicates that relevancy to the subject-matter (in that case the execution of his official duty), plays an important part in determining whether the privilege is well claimed.

In the second class of cases mentioned under absolute privilege, that relating to military and naval affairs, we find relevancy to the subject-matter of the inquiry is the test adopted.

The only other class of so-called absolute privilege is, "Communications in the Course of Judicial Proceedings." Here we confidently assert that the same test exists. We insist that relevancy or pertinency to the subject-matter of the inquiry is indispensable to this privilege. In Cooley on Torts, page 213, the author says: "The privilege must be restrained by some limit; and we consider the limit to be this: that a party or counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions, which have no relation to the cause or subject-matter of the inquiry." Newell uses almost identical language. Borthwick on Libel, 215, n., says: "If things injurious, quite foreign to the cause, be charged in the libel, such pursuer shall suffer as a slanderer; for the cover of a judicial procedure can not protect them, since the design of injury is evident, and the more public and solemn it is, the injury is so much the more heinous." In Aylesworth v. St. John, 25 Hun 158, the court, in passing upon the question of absolute privilege, says: "The alleged libel was made in the course of judicial proceedings; therefore, it was privileged, first, if it was pertinent and material; or second, if the defendant in good faith believed it to be pertinent and material; and whether he did so or not, is a question of fact."

The following cases are a few of the many which clearly hold this doctrine: Lawson v. Hicks, 38 Ala. 279; Hoar v. Wood, 3 Met. 197; Mower v. Watson, 11 Vt. 541; Smith v. Howard, 28 Ia. 56; Moore v. M. M. Bank, 123 N. Y. 420; Wyatt v. Buell, 47 Cal. 624; McLaughlin v. Cowley, 127 Mass. 316; Doda v. Piper, 41 Hun 254; Warner v. Paine, 2 Sandf. (S. C.) 195; Gilbert v. People, 1 Denio, 41.

APPELLEE'S BRIEF, JOHN C. PATTERSON, ATTORNEY.

Appellee contended that notwithstanding the dicta to the contrary, the better and the prevailing opinion is, that for any defamatory matter contained in a pleading in a court of civil jurisdiction, no action for libel can be maintained; the power possessed by courts to strike out scandalous matter from the proceedings before them, and to punish as for

contempt, is considered a sufficient guaranty against the abuse of this privilege; but whatever may be the reason, it seems certain that where there is a perversion of the right, "the policy of the law steps in and controls the individual right to redress."

The right of appealing to the civil tribunals is more extensive than the right of appealing to the criminal tribunals. In a civil action, whatever the complainant may allege in his pleading as or in connection with his grounds of complaint can never give a right of action for libel. The immunity thus enjoyed by a party complaining extends also to a party defending; whatever one may allege in his pleading by way of defense to the charge brought against him or by way of counter-charge, counter-claim, or set-off, can never give a right of action for libel. The rule as thus laid down has been doubted by some, and it has been said that if the tribunal to which the complaint be made has no jurisdiction of the subject-matter, or if the defamatory matter be irrelevant to the matter in hand, or if the party complaining or defending maliciously inserts defamatory matter in his pleading, that in such cases the party aggrieved may maintain his action for slander or libel. Townsend on Libel (4th Ed.), 221; Strauss v. Meyers, 48 Ill. 385; Cutler v. Dixon, 4 Coke, 14, 2 Inst. 228; Lake v. King, 1 Saunders, 132, note 1; Astley v. Younge, 2 Burr 807; Hartsock v. Reddick, 6 Blackf. 225; Spades v. Barrett, 57 Ill. 291.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Townsend in his work on Slander and Libel, page 381, says that the better and prevailing opinion is that no action for libel can be maintained for defamatory matter contained in a pleading in a court of civil jurisdiction.

Rodgers in his work upon Libel and Slander, page 188, announces the same opinion as to the rule.

An examination of the authorities cited in support of these conclusions will show that while courts have frequently made use of expressions in accordance with the language of

these text writers, in the majority of the cases the question of the absolute privilege of defamatory words, wholly foreign and impertinent to the matter presented to the judicial tribunal, was not before the court.

There are numerous dicta to the effect that the privilege accorded to a party in a pleading does not extend to matters entirely impertinent and irrelevant, and there is the well-considered case of McLaughlin v. Cowley, 127 Mass. 316, in which wholly impertinent and defamatory words causelessly injected into a pleading were held actionable.

We are not in this action called upon to express an opinion as to the absolute privilege of all that may be said in a pleading, for the reason that in the declaration filed in this cause, the plaintiff has set forth enough of the bill to which the defamatory language in the answer was a reply, that it appears that such words were not wholly irrelevant and impertinent to the matters and things presented by the proceeding in the tribunal where such action was pending.

The demurrer to the declaration was therefore properly sustained and the judgment of the Circuit Court is affirmed.